# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| BENJAMIN BLUMAN *et al*., | : | | |
| | : | Civil Action No.: | 10-1766 (RMU) |
| Plaintiffs, | : | | |
| | : | Re Document No.: | 2 |
| v. | : | | |
| | : | | |
| FEDERAL ELECTION COMMISSION, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART THE PLAINTIFFS' APPLICATION FOR A THREE-JUDGE COURT

## I.  INTRODUCTION

The plaintiffs applied to have a three-judge court review their constitutional challenge to a provision of the Bipartisan Campaign Reform Act of 2002 ("BCRA") and its implementing regulation.  The defendant, the Federal Election Commission ("FEC"), opposes the application, arguing that under a three-judge court would lack the authority to adjudicate the plaintiffs' claims.  For the reasons discussed below, the court grants in part and denies in part the plaintiffs' application for a three-judge court.

## II.  BACKGROUND

### A.  Statutory Framework

Since 1976, the Federal Election Campaign Act ("FECA") has prohibited foreign nationals from contributing money or "other thing[s] of value . . . in connection with an election to any political office or in connection with any primary election, convention, or caucus held to

select candidates for any office." FECA, Pub. L. No. 94-283, § 324, 90 Stat. 493 (1976), previously codified at 2 U.S.C. § 441e(a). In 2002, Congress enacted § 303 of the BCRA, which repealed the previous foreign national prohibition provision codified at 2 U.S.C. § 441e(a) and replaced it with 2 U.S.C. § 441e(a)(1). Like its predecessor, § 441e(a)(1) makes it unlawful for a foreign national to make

> (A) a contribution or donation of money or other thing of value, or to make an express or implied promise to make a contribution or donation, in connection with a Federal, State, or local election
>
> (B) a contribution or donation to a committee of a political party; or
>
> (C) an expenditure, independent expenditure, or disbursement for an electioneering communication[.]

2 U.S.C. § 441e(a)(1).

When an action is commenced challenging the constitutionality of "any [BCRA] provision," "[s]pecial rules" set forth in § 403 of the BCRA must be followed. BCRA, Pub. L. No. 107-155, § 403, 116 Stat. 81, 113-14 (2002). More specifically, the BCRA provides that such an action must be filed in this district and "shall be heard by a [three]-judge court." *Id.* Local Civil Rule 9.1 governs the procedure involved with an application for a three-judge court. *See* LCvR 9.1.

## B. Factual & Procedural History

The plaintiffs, two foreign nationals who lawfully reside and work in the United States, seek to contribute funds to political candidates and committees of political parties as well as to "independently spend[] money to advocate for their preferred candidates." Compl. ¶ 2. These activities, the plaintiffs contend, are prohibited by § 303 of the BCRA, codified at 2 U.S.C. § 441e(a)(1), and its implementing regulation, 11 C.F.R § 110.20. *Id*. ¶¶ 2-3. Believing that this prohibition violates the First Amendment, the plaintiffs have commenced this action against the

2

FEC, seeking a judgment declaring that § 303 of the BCRA and its implementing regulation are unconstitutional insofar as they apply "to foreign nationals lawfully residing and working in the United States." *Id*. at 7.

Pursuant to § 403 of the BCRA, the plaintiffs have filed an application to have their case heard by a three-judge court, *see* Pls.' Application at 1, which the FEC opposes, *see generally* Def.'s Opp'n. With the plaintiffs' application now ripe for adjudication, the court turns to the parties' arguments and the applicable legal standard.

## III. ANALYSIS

### A. The Pre-BCRA Prohibition of the Plaintiffs' Proposed Activities Does Not Foreclose Review By a Three-Judge Court

The defendant maintains that the plaintiffs' request for a three-judge court under § 403 is foreclosed due to the Supreme Court's decision in *McConnell v. Federal Election Commission*, 540 U.S. 93 (2003). Def.'s Opp'n at 4. More specifically, the defendant argues that under *McConnell*, a three-judge court lacks "authority" to address the constitutionality of a provision of the BCRA where the activities it prohibits were "already unlawful before BCRA's enactment." *Id.* at 5-6. The defendant contends that "even if the plaintiffs were to obtain a favorable ruling on their challenges to BCRA § 303, the prohibitions on foreign nationals' activity in pre-BCRA § 441e would remain in place, [the] plaintiffs' alleged injuries would not be redressed, and [the]

3

plaintiffs therefore would lack standing."[1]  *Id.* at 5.

The plaintiffs counter that *McConnell* is "easily distinguishable" from the instant case. Pls.' Reply at 3.  According to the plaintiffs, the *McConnell* Court determined that the plaintiffs' alleged injury was caused not only by a provision of the BCRA but also by "other, extant provisions" of FECA.  *Id.* at 3.  Thus, the plaintiffs contend that the *McConnell* Court reasoned that even if it were to make a decision on the constitutionality of the BCRA provision, it could not remedy the specific injury advanced by those plaintiffs.  *Id*.  Here, the plaintiffs maintain, § 303 of the BCRA, is "the only law prohibiting [their] proposed conduct," and "the only law being challenged," and "[t]here is no other extant provision of law causing or contributing to their injury."  *Id*. at 3.  Accordingly, the plaintiffs argue that the pre-BCRA statute does not "caus[e] or contribut[e] to [their] injury" because it has been "struck by the BCRA *in its entirety* and no longer exists."  *Id.* at 3.

In *McConnell v. Federal Elections Commission*, the Court considered the constitutionality of the contribution limits imposed by § 307 of the BCRA, together with the individual and political action committee contribution limitations of FECA § 315.  540 U.S. at 228.  The Court determined that although § 307 of the BCRA "increased and indexed for inflation certain FECA contribution limits," it was the FECA provisions that actually imposed the contested contribution limits.  *Id.* at 229.  The Court, however, observed that it "had no

---

[1]    The defendant also argues that the court should deny the plaintiffs' application because they violated Local Civil Rule 7(m) by failing to confer with the defendant before filing their nondispositive motion.  Def.'s Opp'n at 10.  The plaintiffs respond that they "had no duty to confer" with the defendant as this was not a motion but an application under Local Civil Rule 9.1. Pls.' Reply at 5.  Local Civil Rule 9.1, as noted by the plaintiffs, requires that the application for three-judge court be filed contemporaneously with the complaint, at which point a lawsuit had not yet been filed and opposing counsel had not yet been identified.  *See* LCvR 9.1.  The court therefore agrees with the plaintiffs that the duty for parties to confer regarding nondispositive motions is not applicable to the plaintiffs' for a three-judge court under Local Civil Rule 9.1.

4

power to adjudicate a challenge to the FECA limits" because the plaintiffs were required to challenge the constitutionality of the FECA provisions "before an appropriate en banc court of appeals, as provided in 2 U.S.C. § 437h,[2] not in the three-judge District Court convened pursuant to BCRA § 403(a)." *Id.* Thus, even if the Court were to exercise its jurisdiction to review a constitutional challenge to § 307, "a ruling in the plaintiffs' favor would not redress their alleged injury" because the FECA provisions would remain intact. *Id.* Accordingly, the Court held that because the plaintiffs could not "show the substantial likelihood that the requested relief [would] remedy their alleged injury in fact," they lacked standing to bring their claim. *Id.* (internal quotations and citation omitted).

The plaintiffs here challenge the constitutionality of § 303 of the BCRA and its implementing regulation. *See generally* Compl. Unlike *McConnell*, if a three-judge court were to strike down § 303 as unconstitutional, then no other law (or at least none which the defendant has identified) would prohibit the plaintiffs from engaging in their desired conduct. As the defendant readily admits, the pre-BCRA provision barring foreign nationals from making political contributions is no longer in effect, having been entirely replaced by § 303 of the BCRA. *See* Def.'s Opp'n at 4. Nor does the fact that the plaintiffs' proposed activities were banned before the BCRA's enactment impact the plaintiffs' entitlement to a three-judge court. *See* BCRA § 403 (stating that "any action . . . brought for declaratory or injunctive relief to challenge the constitutionality of *any provision* of [the BCRA] . . . shall be heard by a [three]-judge court"). Because the plaintiffs' requested relief would remedy their alleged injury in fact,

---

[2]     Under § 437h, issues regarding the constitutionality of a provision in the FECA shall be immediately certified to the Circuit, which is required to hear the matter sitting en banc. 2 U.S.C. § 437h.

they have the requisite standing and are entitled to a three-judge court to review their constitutional challenge to BCRA § 303.

### B. The Plaintiffs' Challenge to the FEC's Regulation Is Not Reviewable By a Three-Judge Court

The defendant further argues that a three-judge court convened under BCRA § 403 would have no authority to adjudicate the plaintiffs' claims regarding the constitutionality of the FEC's regulation implementing BCRA § 303, because BCRA § 403 "provides jurisdiction to a three-judge court to decide only constitutional challenges to the [BCRA]." Def.'s Opp'n at 9. The plaintiffs respond that they have not brought any independent challenge to the regulations, which "simply parrot the statutory provision enacted by § 303 of the BCRA," and which would "necessarily fall along with the statute" if the plaintiffs were to succeed in their suit. Pls.' Reply at 1 n.1.

In *McConnell*, the Supreme Court noted that "to the extent that the alleged constitutional infirmities are found in the implementing regulations rather than the statute itself," "issues concerning the [FEC's] regulations" are "not appropriately raised in [a] facial challenge to BCRA, but must be pursued in a separate proceeding." *McConnell*, 540 U.S. at 223; *cf. Shays v. Fed. Elections Comm'n*, 337 F. Supp. 2d 28 (D.D.C. 2004) (reviewing the FEC's regulations under the Administrative Procedure Act in a single-judge court). Here, the plaintiffs specifically state in their complaint that they are challenging not only the constitutionality of 2 U.S.C. § 441e but also of its implementing regulation, 11 C.F.R. § 110.20. Compl. at 1. Moreover, the regulation does not simply "parrot" § 303 of the BCRA, but rather prohibits specific types of election-related activities for foreign nationals. *See* 11 C.F.R. § 110.20 (stating, for example, that a foreign national shall not participate in the decision-making process of a corporation's election-related activities). Because under *McConnell*, the FEC's regulations are not

6

appropriately challenged in a three-judge court, *see McConnell*, 540 U.S. at 223, the plaintiffs' application is denied insofar as it requests that a three-judge court hear its claim that 11 C.F.R. § 110.20 is unconstitutional.[3]

## IV.  CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the plaintiffs' application for a three-judge court.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of January, 2011.

RICARDO M. URBINA
United States District Judge

---

[3]  The court may, of course, consider the FEC's regulations when determining the constitutionality of the BCRA's provisions.  *See McConnell*, 540 U.S. at 169 n.63 (finding guidance in the FEC's regulation to determine whether a provision of the BCRA was unconstitutionally overbroad although the regulation itself was not challenged).